UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOTADA MOHMOUD DEIAR,

               Petitioner,

    v.

MARKWAYNE MULLIN, et al.,,

               Respondent.

CASE NO. C26-1388-BAT

**ORDER GRANTING HABEAS PETITION AND ORDERING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petitioner alleging after Respondents released him in 2024, they redetained him without notice or providing a hearing in violation of Due Process. Dkt. 1. Petitioner requests the Court order (1) his release him from immigration detention; (2) Respondents be enjoined from placing a GPS monitoring device on him upon release, and from redetaining him without notice and a hearing; and (3) he be awarded attorney fees and costs. For the reasons below, the Court GRANTS the habeas petition as follows.

1.      Petitioner, a citizen of Sudan, entered the United States in May 2024, and was placed in expedited removal proceedings. Petitioner claimed fear of return and an immigration judge (IJ) affirmed a negative fear determination making Petitioner's expedited order of removal final on June 17, 2024. Petitioner was released on August 8, 2024 pursuant to an Order of Supervision ("OSUP") because removal was not reasonably foreseeable. Although there is no

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 1

evidence Petitioner violated any condition of his OSUP, when he reported to the ICE field office on December 8, 2025, Respondents detained him on the grounds conditions in the Sudan had "materially improved from the Government's perspective with removals now occurring regularly." Dkt. 5 (response). Since Petitioner's detention, Respondent contends they have actively pursued travel documents. Respondents proffer Petitioner was interviewed by the Sudanese embassy on May 13, 2026, Petitioner provided information to his embassy, they believe the Sudanese government will perform an investigation, and upon completion of the investigation the Sudanese government will inform Respondents whether a travel document will or won't be issued. Dkt. 9.

2.      Respondents contend Petitioner is subject to a final order of removal but argues he is mandatorily detained under 8 U.S.C. § 1225. *See* Dkt. 5 at 2. ("Petitioner's current detention is authorized by 8 U.S.C. § 1225(b)(1)."). The Court rejects this argument. The record shows Petitioner was released under an OSUP, and thus § 1226 governs his release and redetention. *See* § 1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B) (release or "conditional parole" under an OREC is authorized under § 1226); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226); *Evangelina Herra Gomez v. Wamsley*, 2026 WL 279666 at *2 (W.D. Wash. Feb 3, 2026) (a petitioner released pursuant to an OREC under § 236 was released under § 1226(a), not § 1225(b)).

3.      For noncitizens subject to § 1231, the Court must consider if their detention violates due process. As the Court in *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), recognized Respondents cannot deprive Petitioner of life, liberty, or property, without due process of law. Respondents claim Petitioner has received all the process he is due but

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 2

provides no factual support for this position. As Petitioner alleges his redetention violates due process, the Court applies the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Under *Mathews* the Court considers (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and (3) the Government's interest and burdens additional procedural safeguards would entail.  *Id.* at 334-35.

5.       The Court finds the first *Mathews* factor weighs in Petitioner's favor because freedom from detention lies at the core of the liberty protected by the Due Process Clause. *See e.g. Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvydas v. Davis,* 533 U.S. at 693. The Court finds the risk of erroneous deprivation of Petitioner's due process rights is high. Petitioner has resided in the United States since 2024. There is no evidence he has committed crimes or engaged in acts that make him a threat to the community. There is no evidence he is a risk to flee, as he has appeared at ICE offices when summoned. The second *Mathews* factor weighs in Petitioner's favor. And lastly the Court finds Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B*, *v. Wasmley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

6.       The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 3

will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

7.    The Court also rejects any suggestion the *Zadvydas* decision justifies Petitioner's redetention and his continued detention. *Zadvydas* recognizes Petitioner has due process rights, and as discussed above, Respondents violated due process by redetaining Petitioner for no articulable reason other than the desire to remove him.  The *Zadvydas* decision, of course, primarily focused on protections from prolonged detention, but the length of detention is not germane to the Court's finding Petitioner's December 2025 redetention violated due process and immediate release should be ordered.

For the foregoing reasons, the Court **ORDERS**:

1.    Petitioner's petition for writ of habeas corpus is **GRANTED**.

2.    Respondents shall **RELEASE** Petitioner within 24 hours of the date and time this order is filed

3.    Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

4.    The Court denies any blanket request Respondents be barred from ever redetaining Petitioner again because there may be valid statutory grounds to redetain him. However, Respondents are **PROHIBITED** from redetaining Petitioner for invalid reasons.

5.    The Court **DENIES** Petitioner's request barring Respondents from applying a GPS monitoring device on him upon release.

6.    Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute.

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 4

7.    The clerk shall provide a copy of this order to all counsel.


DATED this 20th of May, 2026.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 5